FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL MARIE K.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No: 2:26-cv-00228-RLP<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 7. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ erred in assessing Ms. K.'s symptom testimony and reverses and remands the case for additional

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

proceedings. Therefore, Ms. K.'s brief, ECF No. 7, is granted and the Commissioner's brief, ECF No. 10, is denied.

## JURISDICTION

Ms. K. filed for disability insurance benefits (DIB) on July 2, 2023, alleging an onset date of April 18, 2023. Tr. 17, 153. Benefits were denied initially in February 2024, and upon reconsideration in September 2024. Tr. 17. Plaintiff appeared at a hearing before an ALJ on May 29, 2025. Tr. 33–61. On June 27, 2025, the ALJ issued an unfavorable decision, Tr. 14–32, and the Appeals Council denied review on March 26, 2026. Tr. 1–3. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore require only brief summary.

Ms. K. was born in 1980 and has at least a high school education. Tr. 27. She has past work as a retail manager at Burlington Coat Factory. Tr. 24. She alleges disability beginning April 18, 2023, principally because of irritable bowel syndrome (IBS) but also because of bipolar, posttraumatic stress disorder (PTSD), depression, anxiety, insomnia, fatigue, chronic chest pain, and vomiting. Tr. 19, 23. She testified she got sick in February of 2023, and experiences constipation, diarrhea, and vomiting episodes, requiring her to spend hours in the restroom. Tr. 45–46. By

March of 2023, according to Ms. K., her condition was worsening and interfering with her ability to be dependable at work. Tr. 46–47. After Ms. K. quit working, she testified her symptoms worsened with daily nausea, vomiting, diarrhea, constipation, and abdominal pain. Tr. 48–49. She also testified she has tried multiple medications without success. Tr. 50.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must meet two criteria to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the

Commissioner must find the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC). At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers

in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. K. had not engaged in substantial gainful activity since April 18, 2023, the alleged onset date. Tr. 19. At step two, the ALJ found Ms. K. had four severe impairments: bipolar disorder, generalized anxiety disorder, PTSD, and substance use disorder. Tr. 19. In addition, the ALJ found evidence of Ms. K.'s IBS establishes no more than minimal effects on her ability to perform basic work activities. Tr. 19.

At step three, the ALJ found Ms. K. did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 20. In assessing the paragraph B criteria, the ALJ found mild limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing oneself. Tr. 20-21. The ALJ also found a moderate limitation in concentrating, persisting, or maintaining pace. Tr. 21. In assessing paragraph C criteria, the ALJ found Ms. K. did not have a mental disorder that was "serious and persistent." Tr. 22.

Before proceeding to step four, the ALJ found Ms. K. had the RFC to perform a full range of work at all exertional levels with the following mental limitations: Ms. K. could understand, remember, and carry out simple instructions. Tr. 22.

At step four, the ALJ found Ms. K. could not perform her past relevant work as a retail floor manager or as a receptionist because that work exceeded her RFC per the vocational expert. Tr. 26-37. At step five, relying on vocational-expert testimony, the ALJ found there are jobs existing in significant numbers in the national economy that Ms. K. could perform such as shower room attendant, lab equipment cleaner, and bagger. Thus, the ALJ found Ms. K. not disabled as defined in the Social Security Act. *Id.*

## DISCUSSION

Ms. K. challenges the ALJ's decision on two grounds. She first argues the ALJ improperly discounted her symptom testimony about limitations caused by IBS. This may impact the step two and RFC findings. Second, she contends the failure to properly consider her IBS symptoms led to an incomplete hypothetical, so the vocational expert's testimony does not support the step five finding. The Court agrees the ALJ erred by failing to provide sufficient reasons for discounting Ms. K.'s testimony. Ms. K.'s arguments are addressed in turn.

### 1. Symptom Testimony

Ms. K. argues the ALJ improperly rejected her testimony regarding the severity of the symptoms as not entirely consistent with the medical evidence and other evidence in the record. She contends the ALJ failed to provide sufficient reasons for discounting her allegations. The Commissioner disagrees and alleges

the ALJ's finding was sufficiently clear and supported by substantial evidence. The Court agrees with Ms. K.

An ALJ must conduct a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *3 (effective October 25, 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the claimant meets the first test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citing *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir.1996)).

General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). The Court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

Ms. K. testified she got sick in February of 2023 and that through April of 2023 she was "in the restroom a lot, either vomiting or having constipation or diarrhea issues. And it would get to the point where [she] was [in the bathroom] for a few hours." Tr. at 45. She testified that out of a five-day work week she would spend at least three of those working days needing to spend extended periods of time in the restroom. Tr. at 46.

The ALJ found Ms. K.'s medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 24. Because the ALJ found the IBS impairment could cause Ms. K.'s alleged symptoms and there is no affirmative finding of malingering, the ALJ was required to identify specific, clear, and convincing reasons for discounting Ms. K.'s symptom testimony. The ALJ dedicated a single paragraph to this issue:

> As for the opinion evidence, state agency medical consultants determined there were no severe physical impairments (Ex. 2A, 4A). After review of the evidence as a whole at the hearing level, these findings are persuasive because they are supported by objective imaging and examinations and are consistent with the claimant's conservative treatment and reports [to Ms. K.'s] treatment providers. The medical evidence of record is not consistent with the claimant's extreme allegations of bowel issues and frequency of bathroom use. Her allegations [to] treatment providers were not as extreme as her testimony, her workups contained few abnormalities, treatment was beneficial and conservative, and her overall physical examinations noted few abnormalities.

Tr. 25.[2]

Aside from these bare reasons for discounting Ms. K.'s symptom testimony, the ALJ provided no specific reference to the record to explain these generalities. This is insufficient. *See Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020) (finding "high-level reasons" insufficient to reject symptom testimony without specifying which testimony is undermined and which evidence contradicts that testimony).

The Commissioner argues the ALJ's conclusion is supported by substantial evidence and cites records which could reasonably support the ALJ's finding that Ms. K.'s testimony is incongruent with the medical record. However, the Commissioner fills gaps where the ALJ's explanation is inadequate. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The record contains treatment notes from various doctor and emergency room visits for IBS and gastrointestinal issues, but the ALJ failed to analyze any of these

---

[2] The ALJ also considered Ms. K.'s mental impairments and analyzed those alleged symptoms in detail. Ms. K. does not challenge the ALJ's findings regarding her mental health limitations. ECF No. 7 at 6.

records or make any specific findings concerning Ms. K.'s IBS impairment. *See e.g.*, Tr. 602, 620, 632, 642, and 647. The ALJ relied on the analyses of the state agency medical consultants without independently considering the record, which is inadequate. While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert*, 980 F.3d at 1277. Here, the short list of reasons for rejecting claims regarding IBS with no discussion of the evidence or citation to the record is insufficient to constitute specific, clear and convincing reasons supported by substantial evidence.

Because the ALJ's findings concerning Ms. K.'s IBS symptoms are not supported by substantial evidence, the ALJ improperly discounted Ms. K.'s testimony. This matter must be remanded for reconsideration of Ms. K.'s symptom testimony regarding her IBS symptoms.

2. Step Five

Ms. K. argues the ALJ failed to properly credit her physical symptoms, so the RFC and hypothetical to the vocational expert did not properly account for all of her limitations. This criticism is well-taken. Because Ms. K.'s symptom testimony was not properly considered, the RFC finding and the vocational expert's testimony are undermined, which means the step five finding is also in question.

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Remand is the appropriate remedy. On remand, the ALJ shall conduct a new sequential evaluation which addresses Ms. K.'s IBS symptom testimony and includes a legally sufficient explanation for the weight assigned to those alleged symptoms.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Brief, **ECF No. 7**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 10**, is **DENIED**.

3. The case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** November 16, 2026.

REBECCA L. PENNELL
United States District Judge